Affirmed as Modified; Opinion Filed September 24, 2012.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-12-00276-CR

**LEWIS ANSERMO RAMIREZ, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

On Appeal from the 195th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F11-60500-N

# MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Justice Lang-Miers

Lewis Ansermo Ramirez waived a jury and pleaded guilty to aggravated robbery with a deadly weapon, a knife. *See* TEX. PENAL CODE ANN. § 29.03(a) (West 2011). The trial court assessed punishment at ten years' imprisonment. In two issues, appellant contends the trial court abused its discretion by sentencing him to imprisonment and the judgment should be modified to reflect the correct date of the offense. We modify the trial court's judgment and affirm as modified. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

In his first issue, appellant contends the trial court abused its discretion by sentencing him to imprisonment because the punishment violates the objectives of the penal code. Appellant asserts that because he did not plan the offense and "merely only acted on impulse," he had never committed any crime prior to this offense, and he was a good candidate for probation, the trial court should not have assessed a ten-year prison term. The State responds that appellant failed to preserve this issue for appellate review and, alternatively, the record does not show the sentence violates the objective of the penal code.

Appellant did not complain about the sentence either at the time it was imposed or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.) (to preserve error, appellant must make a timely request, objection, or motion). As a result, appellant has not preserved the issue for our review.

Additionally, as a general rule, punishment that is assessed within the statutory range for an offense is not excessive or unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.–Dallas 1997, pet. ref'd). The punishment range for aggravated robbery with a deadly weapon, a first-degree felony offense, is five to ninety-nine years or life imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.32, 29.03(b). Appellant's ten-year sentence is at the lower end of the statutory range.

We conclude the trial court did not abuse its discretion by assessing the ten-year sentence. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We overrule appellant's first issue.

In his second issue, appellant contends the judgment should be modified to reflect the correct date of the offense. The State agrees the judgment should be modified to reflect the actual date of the offense.

The record shows appellant committed the offense on September 30, 2011. The judgment, however, recites the offense date is January 26, 2012, and the judgment is incorrect. We sustain appellant's second issue. We modify the trial court's judgment to show the offense date was September 30, 2011. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.


ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120276F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LEWIS ANSERMO RAMIREZ, Appellant

No. 05-12-00276-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 195th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F11-60500-N).
Opinion delivered by Justice Lang-Miers, Justices O'Neill and FitzGerald participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Date of Offense" is modified to show "9/30/11."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered September 24, 2012.

ELIZABETH LANG-MIERS
JUSTICE