Affirmed as Modified; Opinion Filed November 14, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00501-CR
No. 05-12-00502-CR
No. 05-12-00503-CR
No. 05-12-00504-CR
No. 05-12-00505-CR
No. 05-12-00506-CR

## REAHT LAKENDRIC SMITH A/K/A RIYADH SMITH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4
Dallas County, Texas
Trial Court Cause Nos. F09-16240-K, F09-16241-K, F09-16242-K, F09-16243-K,
F09-16244-K, F09-16245-K

## MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Myers

Reaht Lakendric Smith a/k/a Riyadh Smith waived a jury and pleaded guilty to four

aggravated robbery with a deadly weapon offenses, one unauthorized use of a motor vehicle

(UUMV) offense, and one burglary of a habitation offense. *See* TEX. PENAL CODE ANN. §§

29.03(a)(2), 30.02(a), 31.07(a). After finding appellant guilty, the trial court assessed

punishment at fifteen years' imprisonment on each aggravated robbery conviction, ten years'

imprisonment on the burglary conviction, and two years' confinement in state jail on the UUMV conviction. In three issues, appellant contends the sentences violate his constitutional rights under the United States and Texas Constitutions, and the judgments should be modified to show there were no plea agreements and to show the proper degree of the offense in one aggravated robbery case. We modify the trial court's judgments and affirm as modified. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

## UNCONSTITUTIONAL SENTENCES

In his first and second issue, appellant contends the sentences violate his constitutional rights under the United States and Texas Constitutions because they are grossly disproportionate to the offenses and inappropriate to the offender. *See* U.S. CONST. AMEND. VIII; TEX. CONST. ART. I, § 13. Appellant asserts he was under the influence of marijuana and Xanax at the time he committed the offenses, and because he was only sixteen years of age[1] at the time of the offenses, the punishment assessed is severe. The State responds that appellant has failed to preserve his complaints for appellate review and, alternatively, the sentences are constitutional.

Appellant did not complain about the sentences either at the time they were imposed or in motions for new trial. *See* Tex. R. App. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.-Dallas 2003, no pet.) (for error to be preserved for appeal, the record must show an appellant made a timely request, objection, or motion). Thus, he has not preserved this issue for our review.

---

[1] In each case, appellant was certified to stand trial as an adult.

In addition, the trial court imposed punishment in these cases within the statutory range for the offenses. *See* TEX. PENAL CODE ANN. §§ 12.32, 12.33, 12.35, 29.03(b), 30.02(c)(2), 31.07(b). As a general rule, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.-Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal). We resolve appellant's first and second issue against him.

### MODIFY JUDGMENTS.

In his third issue, appellant contends the judgment in each case should be modified to show there was no plea agreement and that the degree of one aggravated robbery offense should be corrected. The State agrees the judgments should be modified as requested by appellant.

Appellant entered open guilty pleas to the offenses charged in the indictments. The judgments state appellant was sentenced to fifteen, ten, and two years pursuant to plea agreements. Thus, the judgments are incorrect. We sustain appellant's third issue. We modify the judgments to show the plea bargain terms were "open." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

In cause no. 05-12-00503-CR, appellant was convicted of aggravated robbery with a deadly weapon, a first-degree felony offense. The judgment, however, states the degree of offense is "state jail felony." Thus, the judgment is incorrect. We modify the judgment to show the degree of the offense is "1st Degree Felony." *See id.*

The records show the trial court orally pronounced a $1,000 fine in each case when it imposed the sentences. The judgments in cause nos. 05-12-00501-CR, 05-12-00503-CR, 05-12-

3

00504-CR, 05-12-00505-CR, and 05-12-00506-CR do not include the fine. When a conflict exists between the oral pronouncement and the written judgment, the oral pronouncement controls. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). We modify the judgments to include a $1,000 fine. *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30.

## CONCLUSION

In cause no. 05-12-00501-CR, we modify the judgment to show "terms of plea bargain" is "open," and to include a $1,000 fine. In cause no. 05-12-00502-CR, we modify the judgment to show "terms of plea bargain" is "open." In cause no. 05-12-00503-CR, we modify the judgment to show "terms of plea bargain" is "open," the degree of the offense is "1st Degree Felony," and to include a $1,000 fine. In cause no. 05-12-00504-CR, we modify the judgment to show "terms of plea bargain" is "open," and to include a $1,000 fine. In cause no. 05-12-00505-CR, we modify the judgment to show "terms of plea bargain" is "open," and to include a $1,000 fine. In cause no. 05-12-00506-CR, we modify the judgment to show "terms of plea bargain" is "open," and to include a $1,000 fine.

As modified, we affirm the trial court's judgment in each case.

_____
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120501F.U05

4



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REAHT LAKENDRIC SMITH A/K/A
RIYADH SMITH, Appellant

No. 05-12-00501-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 4 of Dallas County, Texas (Tr.Ct.No.
F09-16240-K).
Opinion delivered by Justice Myers,
Justices Moseley and Fillmore
participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

The section entitled "Fine" is modified to show "$1,000."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered November 14, 2012.

_____
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REAHT LAKENDRIC SMITH A/K/A
RIYADH SMITH, Appellant

No. 05-12-00502-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 4 of Dallas County, Texas (Tr.Ct.No.
F09-16241-K).
Opinion delivered by Justice Myers,
Justices Moseley and Fillmore
participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

The section entitled "Fine" is modified to show "$1,000."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered November 14, 2012.

_____
LANA MYERS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

REAHT LAKENDRIC SMITH A/K/A
RIYADH SMITH, Appellant

No. 05-12-00503-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 4 of Dallas County, Texas (Tr.Ct.No.
F09-16242-K).
Opinion delivered by Justice Myers,
Justices Moseley and Fillmore
participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Degree of Offense" is modified to show "1st Degree Felony."

The section entitled "Terms of Plea Bargain" is modified to show "Open."

The section entitled "Fine" is modified to show "$1,000."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered November 14, 2012.

_____
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REAHT LAKENDRIC SMITH A/K/A
RIYADH SMITH, Appellant

No. 05-12-00504-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 4 of Dallas County, Texas (Tr.Ct.No.
F09-16243-K).
Opinion delivered by Justice Myers,
Justices Moseley and Fillmore
participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

The section entitled "Fine" is modified to show "$1,000."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered November 14, 2012.

_____
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REAHT LAKENDRIC SMITH A/K/A
RIYADH SMITH, Appellant

No. 05-12-00505-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 4 of Dallas County, Texas (Tr.Ct.No.
F09-16244-K).
Opinion delivered by Justice Myers,
Justices Moseley and Fillmore
participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

The section entitled "Fine" is modified to show "$1,000."

As modified, we **AFFIRM** the trial court's judgment.


Judgment entered November 14, 2012.


_____

LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REAHT LAKENDRIC SMITH A/K/A
RIYADH SMITH, Appellant

No. 05-12-00506-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 4 of Dallas County, Texas (Tr.Ct.No.
F09-16245-K).
Opinion delivered by Justice Myers,
Justices Moseley and Fillmore
participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

The section entitled "Fine" is modified to show "$1,000."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered November 14, 2012.

_____
LANA MYERS
JUSTICE