In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-12-00227-CR

JOEL ALEJANDRO RUIZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 11-11967

## MEMORANDUM OPINION

Joel Alejandro Ruiz[1] appeals from the trial court's revocation of his community supervision. In one issue, Ruiz contends that his sentence is disproportionate to the crime committed. We overrule Ruiz's issue and affirm the trial court's judgment.

---

[1] Joel Alejandro Ruiz is also known as Alex.

Ruiz was indicted for the offense of burglary of a habitation. In accordance with a plea bargain agreement, Ruiz entered a plea of guilty to the offense. *See* Tex. Penal Code Ann. § 30.02 (a)(1), (c)(2) (West 2011). The trial court found the evidence sufficient to find Ruiz guilty, but deferred finding him guilty, and placed him on community supervision for five years. The State subsequently filed a motion to revoke Ruiz's community supervision. Ruiz pled "true" to three violations of the terms of his community supervision. Thereafter, the trial court found that Ruiz violated the terms of the community supervision order, found Ruiz guilty of burglary of a habitation, revoked Ruiz's community supervision, and imposed a sentence of 11 years of confinement.

Ruiz argues that he should have been charged with attempted theft and not burglary of a habitation. A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication community supervision is first imposed and may not wait to raise such issues in an appeal from revocation of deferred adjudication community supervision. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (citing Tex. Code Crim. Proc. Ann. art. 44.01(j) (West Supp. 2012)). Because Ruiz's complaint does not relate to the revocation of his community supervision, we are without jurisdiction to consider this issue.

Ruiz contends that his sentence is disproportionate to the crime committed; however, the record shows that during the hearing, Ruiz never objected to the punishment the trial court pronounced and did not file a motion for new trial. Because Ruiz failed to raise this complaint to the trial court, he has failed to preserve this issue for review. *See* Tex. R. App. P. 33.1(a)(1); *see also Rogers v. State*, 640 S.W.2d 248, 264 (Tex. Crim. App. 1982) (second op. on reh'g).

Even if Ruiz had properly preserved this issue for review, we find his argument to be without merit. In reviewing a trial judge's determination as to punishment, we will not overturn a trial judge's decision on punishment absent a showing of an abuse of discretion. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). When a defendant is adjudicated guilty, he is subject to the entire range of punishment for the offense. *Ditto v. State*, 988 S.W.2d 236, 239 n.7 (Tex. Crim. App. 1999). As a general rule, a sentence that is within the range of punishment established by the Legislature will not be disturbed on appeal. *Jackson*, 680 S.W.2d at 814. Further, the court does not generally consider a punishment that is within the statutory range for the offense excessive, unconstitutionally cruel, or unusual under either the Texas or the United States Constitution. *See Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997,

pet. ref'd); *see also Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.).

Burglary of a habitation is a second degree felony, which carries a punishment range of confinement from two to twenty years. *See* Tex. Penal Code Ann. § 12.33 (West 2011). Ruiz's sentence of 11 years is within the statutory range the Legislature authorized for the crime of unauthorized use of a motor vehicle. *See id.*

The court in *Jackson* recognized that a prohibition against grossly disproportionate sentences survives apart from consideration of whether the sentence assessed is within the statutory range. *Jackson*, 898 S.W.2d at 846. But as the record contains no evidence of "sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which to make a comparison[,]" we find that Ruiz failed to prove that his sentence was grossly disproportionate. *See id.*

Based on the record before us, we are unable to conclude that Ruiz's sentence constitutes a cruel and unusual punishment. We overrule Ruiz's constitutional challenges to the length of the sentence assessed by the trial court, and affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on March 19, 2013
Opinion Delivered May 8, 2013
Do not publish

Before McKeithen, C.J., Kreger and Horton, JJ.