**Affirmed as Modified and Opinion Filed October 29, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01433-CR

### GLENNA RUTH EDDINGTON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-71251-U**

## MEMORANDUM OPINION
Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Francis

Glenna Ruth Eddington was convicted of theft of property valued at $1,500 or more but less than $20,000. The trial court assessed punishment, enhanced by two prior felony convictions, at twenty years in prison and a $2,000 fine. The trial court's judgment also ordered appellant to pay $244 in court costs. In two issues, appellant contends there is insufficient evidence in the record to support the trial court's order that she pay $244 in court costs and the trial court abused its discretion by sentencing her to imprisonment. We modify the trial court's judgment and affirm as modified.

In her first issue, appellant contends the evidence is insufficient to support the trial court's judgment that appellant pay $244 in court costs because the clerk's record does not

contain a bill of costs. The State responds that the evidence in the record is sufficient to support the trial court's order for appellant to pay $244 in court costs.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's record in this case initially did not contain a copy of the bill of costs. We, however, ordered the Dallas County District Clerk to file supplemental records containing a certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant items has been omitted). Appellant's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, no pet. h.); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule her first issue.

In response to the Court's order requiring supplementation of the records, appellant filed an objection that the bill of costs in the supplemental record is not a "proper bill[s] of costs" and the bill of costs was not filed in the trial court or brought to the trial court's attention before costs were entered into the judgments. We reject both arguments.

Appellant first contends that the bills of costs in the records are not "proper bill[s] of costs" because they are "unsigned, unsworn computer printout[s]." Appellant acknowledges the

district clerk has certified that the documents constitute costs that have accrued to date," but says this does not "set out the costs as required by statute." While the code of criminal procedure requires a record to be kept, the code is silent on the form of the record except to the extent it must be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost." *See* TEX. CODE CRIM. PROC. ANN. art. 103.001, .006; *Coronel*, 2013 WL 3874446, at *4.

Here, the district clerk provided a "Bill of Costs Certification" containing the costs that have accrued to date in the respective case, and the documents are certified and signed by the district clerk. Because the documents meet the mandate of the code of criminal procedure, we conclude appellant's objection that the bill of costs is not "proper" lacks merit. *See Coronel*, 2013 WL 3874446, at *4.

Appellant further argues there is no indication the bill of costs was filed in the trial court or brought to the trial court's attention before costs were entered in the judgments. Nothing in the code of criminal procedure or the statutes addressing the assessment of costs against defendants requires that a bill of costs be presented to the trial court at any time before judgment. *See id.* at *5.

Article 42.16 provides that the judgment shall "adjudge the costs against the defendant, and order the collection thereof as in other cases." TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). Court costs, as reflected in a certified bill of costs, are not part of the sentence, do not alter the range of punishment, and need not be orally pronounced or incorporated by reference in the judgment to be effective. *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011); *Coronel*, 2013 WL 3874446, at *5. The code of criminal procedure does not require the bill of costs be filed at the time the trial court signs the judgment of conviction; it only

requires a bill of costs be produced if a criminal case is appealed or costs are collected. *See Coronel*, 2003 WL 3874446, at *5. Because there is no requirement that the costs be presented to the trial court, we conclude appellant's second objection to the supplemented record lacks merit. *See id.* We overrule appellant's objection to the supplemented record.

In her second issue, appellant contends the trial court abused its discretion by sentencing her to imprisonment because such punishment violates the objectives of the penal code. Appellant asserts that because she was remorseful for her actions and explained the financial difficulties that led her to commit the offense, she should have received community supervision instead of the twenty-year prison term. The State responds that the trial court did not abuse its discretion in sentencing appellant to a twenty-year prison term.

Appellant did not complain about the sentence either at the time it was imposed or in her motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Thus, appellant has not preserved her issue for our review.

Moreover, as a general rule, punishment that is assessed within the statutory range for an offense is not excessive or unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). Appellant was convicted of a state jail felony offense that was enhanced to a second-degree punishment range based on two prior felony convictions. *See* Tex. Pen. Code Ann. §§ 12.33, 12.35, 12.425(b). The twenty-year sentence assessed in this case is within the statutory range for a second-degree felony offense.

We conclude the trial court did not abuse its discretion in sentencing appellant to imprisonment. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (sentence within proper range of punishment will not be disturbed on appeal). We overrule appellant's second issue.

We note that appellant's name is misspelled in the trial court's judgment. Thus, we modify the judgment to correct the spelling of appellant's name to Glenna Ruth Eddington. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). As modified, we affirm the trial court's judgment

As modified, we affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
121433F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

GLENNA RUTH EDDINGTON,
Appellant

No. 05-12-01433-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F12-71251-U).
Opinion delivered by Justice Francis,
Justices FitzGerald and Myers participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment to correct the spelling of appellant's name to Glenna Ruth Eddington.

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered October 29, 2013

/Molly Francis/
MOLLY FRANCIS
JUSTICE