**Marvin Leroy KIRK, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 05–92–01806–CR, 05–92–01807–CR.

Court of Appeals of Texas, Dallas.

July 2, 1997.

presented a sufficient record in accordance with     rule 50(d).

Kerry P. Fitzgerald, Dallas, for Appellant.

Carolyn Fitz–Gerald Levin, Assistant District Attorney, Dallas, for Appellee.

Before MALONEY, JAMES and MOSELEY, JJ.

## OPINION ON REMAND

MALONEY, Justice.

The trial court found the evidence substantiated Marvin Leroy Kirk's guilt of two deliveries of cocaine, deferred finding appellant guilty, placed him on probation for ten years, and assessed court costs in each case. In six points of error, appellant contends the trial court erred in accepting his nolo contendere pleas in that: (1) his pleas were not free and voluntary; (2) the court's imposition of court costs in each case violated his rights under the United States and Texas Constitutions; and (3) the sentence imposed in each case is so disproportionate to the crimes that it violated the United States and Texas Constitutions. We affirm the trial court's judgments.

## BACKGROUND

Appellant entered a plea of nolo contendere in each cause without the benefit of a plea bargain.[1] The trial court found the evidence sufficient to substantiate a finding of guilt and continued the cases for a presentence investigation report (PSI). Approximately two weeks later, the trial court received the PSI and heard witnesses on punishment. Appellant testified, admitting that he had sold crack cocaine to an undercover officer. The trial court deferred finding appellant guilty in these cases and placed appellant on ten years probation.

On original submission, we held that we were without jurisdiction to consider these appeals because appellant did not appeal a ruling on a pretrial motion or have the trial court's permission to appeal. The Texas Court of Criminal Appeals vacated our order dismissing the appeals and remanded the causes to this Court. See Kirk v. State, 942 S.W.2d 624, 625 (Tex.Crim.App.1997). We read the court's opinion to hold that a defendant who enters a plea of guilty without a plea bargain and then receives deferred adjudication probation may appeal the trial court's order granting deferred adjudication. Id.[2]

## VOLUNTARINESS OF PLEA

In his first and second points of error, appellant contends the trial court failed to determine orally that his pleas were freely and voluntarily made. Appellant asserts that the trial court gave the admonitions required by article 26.13[3] only in one of the two cases and never inquired of appellant in open court whether his plea in each case was being freely and voluntarily entered.

---

1. Appellant actually pleaded to four cases on that same day. This Court dismissed the appeals in two of the cases (05–92–01677–CR and 05–92–1678–CR) for want of jurisdiction. In those two cases, appellant received ten years confinement.

2. The Kirk court did not address the legislative history behind deferred adjudication.

3. Tex.Code Crim. Proc Ann. art. 26.13 (Vernon 1989 & Supp.1997).

### 1. Applicable Law

■ Before accepting a plea of guilty or nolo contendere, the statutes require the trial court to give certain admonitions to the defendant. TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1989 & Supp.1997). The trial court need only substantially comply with article 26.13. *Morales v. State*, 872 S.W.2d 753, 754–55 (Tex.Crim.App.1994). The court may make the admonitions either orally or in writing. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon 1989 & Supp.1997). If the court gives the written admonitions, the court "must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea." *Id.*

■ A record that shows the trial court properly admonished the defendant is a prima facie showing that the defendant entered into a knowing and voluntary plea. *Harris v. State*, 887 S.W.2d 482, 484 (Tex.App.—Dallas 1994, no pet.); *Soto v. State*, 837 S.W.2d 401, 405 (Tex.App.—Dallas 1992, no pet.). The burden then shifts to the defendant to show that he did not understand the consequences of his plea. *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex.Crim.App.1985); *Soto*, 837 S.W.2d at 405.

### 2. Application of Law to Facts

■ Both the State and appellant refer to a volume of statement of facts in which the trial court continued appellant's plea hearing in cause number F92–30718–HU (05–92–1807–CR) and heard appellant's plea in cause number F92–30719–HU (05–92–1806–CR). The record before this Court does not contain that portion of the statement of facts. Because appellant challenges the trial court's failure to orally find appellant entered his plea freely and voluntarily, and neither the State nor appellant contends that the trial court made an oral finding that appellant entered his pleas freely and voluntarily, we need not review that record. We will assume the trial court did not orally find that appellant freely and voluntarily entered his pleas

of nolo contendere. Article 26.13, however, does not require that the trial court orally or in writing find that appellant entered his plea freely and voluntarily.

■ The transcript in each of these cases contains a written document entitled *Court's Admonition of Statutory and Constitutional Rights and Defendant's Acknowledgement.* At the bottom of this document, appellant acknowledged that he had read the admonitions and that his attorney had explained the admonitions to him. Appellant and his trial counsel signed the form. The trial court's written admonishments substantially complied with article 26.13. *See Harris*, 887 S.W.2d at 484–85.

These records show the trial court properly admonished the appellant. Proper admonishments create a prima facie showing that the defendant entered into a knowing and voluntary plea. Appellant does not allege or show that he did not understand the consequences of his pleading nolo contendere. We overrule appellant's first and second points of error.

### COURT COSTS

In his third and fourth points of error, appellant contends because he is indigent, the imposition of court costs in each case violated his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution; and article 1, section 19 of the Texas Constitution.[4] Appellant contends that the State may not impose a fine and then automatically convert that fine into a jail term because he is indigent and cannot pay the fine in full.

### 1. Applicable Law

■ The Equal Protection Clause of the Fourteenth Amendment prohibits imprisonment of an indigent person for failure to pay a fine. *See Tate v. Short*, 401 U.S. 395, 396–

4. Although appellant's point of error presumes he is indigent and the record shows his counsel is court-appointed, his brief also cites to the record where appellant tells the court that he has

hired counsel. Because of our disposition of this point of error, whether appellant is indigent is immaterial.

98, 91 S.Ct. 668, 669–70, 28 L.Ed.2d 130 (1971); *Williams v. Illinois*, 399 U.S. 235, 240–42, 90 S.Ct. 2018, 2021–22, 26 L.Ed.2d 586 (1970); *Ex parte Minjares*, 582 S.W.2d 105, 109 (Tex.Crim.App.1979) (op. on reh'g). An indigent may not be imprisoned solely because he lacks the resources to pay a fine or restitution. *See Bearden v. Georgia*, 461 U.S. 660, 667, 103 S.Ct. 2064, 2069, 76 L.Ed.2d 221 (1983); *Tate*, 401 U.S. at 399, 91 S.Ct. at 671; *Shafer v. State*, 842 S.W.2d 734, 736 (Tex.App.—Dallas 1992, pet. ref'd). However, a defendant must show that the fine or restitution is the cause of his confinement. *Davenport v. State*, 858 S.W.2d 1, 5 (Tex.App.—Dallas 1993, no pet.); *Shafer*, 842 S.W.2d at 736.

## 2. Application of Law to Facts

 The trial court placed appellant on deferred adjudication probation for ten years. This sentence was within the statutory range of punishment. Appellant has not shown that he is confined solely because of his inability to pay the assessed court costs.

Neither trial court order indicates that appellant is, or will be, imprisoned because of any inability to pay the court costs. Nor does appellant show that he is presently imprisoned due to his inability to pay the court costs. Each order, however, includes a notation that appellant will receive credit against the court costs for jail time already served. This Court has decided this issue adversely to appellant. *See Alexander v. State*, 868 S.W.2d 356, 360 (Tex.App.—Dallas 1993, no pet.); *Davenport*, 858 S.W.2d at 5; *Smith v. State*, 857 S.W.2d 71, 75 (Tex.App.—Dallas 1993, pet. ref'd). We overrule appellant's third and fourth points of error.

## EXCESSIVE PUNISHMENT

In his fifth and sixth points of error, appellant contends we must reverse his conviction because the punishment assessed by the trial court is so disproportionate to the crimes that it violates the Eighth Amendment to the United States Constitution and article 1, section 13 of the Texas Constitution.

## 1. Applicable Law

At the time of appellant's pleas, delivery of cocaine in an amount less than twenty-eight grams was a first degree felony. Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2935, *amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 2.02, 1993 Tex. Gen. Laws 3586, 3705 (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon Supp.1997)). A first degree felony is punishable by imprisonment from five to ninety-nine years or life and a fine of up to $10,000. TEX. PENAL CODE ANN. § 12.32 (Vernon 1994). Punishment assessed within the statutory range is not constitutionally cruel and unusual. *Carpenter v. State*, 783 S.W.2d 232, 232–33 (Tex.App.—Dallas 1989, no pet.).

## 2. Application of Law to Facts

The trial court placed appellant on a ten year deferred adjudication probation in each case. No fine was assessed. The punishment assessed by the trial court is within the statutory range of punishment for a first degree felony. Therefore, the punishment is not constitutionally cruel and unusual. We overrule appellant's fifth and sixth points of error.

We affirm the trial court's judgments.