AFFIRM and Opinion Filed May 31, 2000



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-99-01283-CR
No. 05-99-01284-CR

**MARK JULIAN EDMONDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 195th Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F97-23102-UN, F97-23103-UN

## OPINION

Before Justices James, Wright, and Bridges
Opinion By Justice Wright

Mark Julian Edmonds appeals his convictions for criminal trespass. Appellant was indicted for two counts of burglary of a habitation, but pursuant to plea bargain agreements, pleaded nolo contendere to the misdemeanor offenses of criminal trespass. The trial court then assessed punishment at confinement in the Dallas County Jail for one year in each case. In a single point of error, appellant contends that he did not receive the effective assistance of counsel. We overrule appellant's point of error and affirm the trial court's judgments.

To prevail on his claim of ineffective assistance of counsel, appellant must show (1)

counsel's performance was deficient; and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Kober v. State*, 988 S.W.2d 230, 235 (Tex. Crim. App. 1999). To satisfy the prejudice prong of *Strickland*, appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Kober*, 988 S.W.2d at 235. In the context of a nolo contendere plea, that standard requires appellant to show a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*; *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex.Crim.App.1997) (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)). It is not enough for appellant to simply claim that his lawyer was ineffective because he failed to request a record be made of the plea proceedings. *Rivera v. State*, 981 S.W.2d 336, 339 (Tex. App.–Houston [14th Dist.] 1998, no pet.). Appellant must show some injury resulting from counsel's failure to request a transcription of the proceeding. *Id.*

Here, appellant argues that he received ineffective assistance of counsel because counsel failed to request a record be made of the plea proceedings. Appellant does not contend that his pleas were involuntary or any specific error occurred during the plea proceedings. Rather, appellant argues that counsel's failure to request a reporter's record is per se ineffective because "there is no record to determine if [his] pleas were made freely and voluntarily [and] there is no way to determine if [he] was properly admonished." We disagree.

Appellant received and signed written admonishments complying with the requirements of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a),(d) (Vernon 1989 & Supp. 2000); *Kirk v. State*, 949 S.W.2d 769, 771 (Tex. App.–Dallas 1997, pet. ref'd). The trial court's admonishments create a prima facie showing that appellant entered his pleas knowingly and voluntarily. *See Kirk*, 949 S.W.2d at 771. Thus, the burden shifts to appellant to show he did not

understand the consequences of his plea. Contrary to appellant's suggestion, appellant is not limited to use of the reporter's record from the plea proceeding to meet this burden. Appellant could, for example, have filed a motion for new trial and developed the record during the hearing on the motion. Appellant may also apply for a writ of habeas corpus, and use the hearing to develop the facts and circumstances of the trial and the rationale behind counsel's actions. *See generally Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999). Because appellant has failed to show a specific injury resulting from counsel's failure to request a transcription of the plea proceeding, we overrule his sole point of error.

CAROLYN WRIGHT
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

Case Number: 05-99-01284-CR    Date Filed: 08/05/1999

Style: Edmonds, Mark Julian
v.
The State of Texas

Trial Judge:         Clements, Dariel
Trial Court Reporter:         Stromberg, Peri
Trial Court:         195TH DISTRICT COURT  Trial County:  DALLAS

APP    Deborah Farris
       ATT 006843200
       4136 High Summit Drive
       Dallas, TX 75244
       Phone 972/484-2895
       Fax 972/484-2019

STA    William T. (Bill) Hill, Jr.
       ATT 009669000
       ATTN: APPELLATE SECTION
       Frank Crowley Courts Bldg., 10th FL
       133 N. Industrial Blvd. LB 19
       Dallas, TX 75207
       Phone 214/653-3845
       Fax

STA    Ms. Christina O'neil
       ATT 000795003
       DISTRICT ATTORNEY OFFICE
       133 NORTH INDUSTRIAL BLVD
       LOCK BOX 19
       Dallas, Tx 75207
       Phone 214/653-3625  214/653-5837
       Fax 214/653-3643





# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARK JULIAN EDMONDS, Appellant

No. 05-99-01284-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 195th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F97-23103-UN).
Opinion delivered by Justice Wright, Justices James and Bridges participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 31, 2000.

_____
CAROLYN WRIGHT
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARK JULIAN EDMONDS, Appellant

No. 05-99-01284-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 195th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F97-23103-UN).
Opinion delivered by Justice Wright, Justices James and Bridges participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 31, 2000.

_____
CAROLYN WRIGHT
JUSTICE