11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Joseph
Celeste Brown

Appellant

Vs.      
            No. 11-02-00027-CR --  Appeal from Harris County

State of Texas

Appellee

 

Appellant
entered an open plea of guilty to the offense of aggravated robbery.  The trial court assessed his punishment at
confinement in the Institutional Division of the Texas Department of Criminal
Justice for a term of 10 years. 
Appellant asserts in his sole point of error that the trial court failed
to provide him with the admonishments required by TEX. CODE CRIM. PRO. ANN.
art. 26.13 (Vernon 1989 & Supp. 2002) prior to accepting his guilty
plea.  We affirm.

Article
26.13 requires a trial court to give certain admonishments before accepting a
plea of guilty.  See Article
26.13(a).  The trial court must admonish
the defendant of:  (1) the punishment
range;  (2) the fact that any sentencing
recommendation made by the State is not binding on the court;  (3) the limited right to appeal; (4) the
possibility of deportation; and (5) the possibility of registration
requirements for a sexual offender.  See
Article 26.13(a).  The admonishments may be made either orally or
in writing.   See Article 26.13(d).  If the admonishments are made in writing,
the court must receive a statement signed by the defendant and his lawyer that
the defendant understood the admonitions and was aware of the consequences of
the guilty plea.  See Article
26.13(d).  Substantial compliance with
Article 26.13 is sufficient unless the defendant affirmatively shows that he
was not aware of the consequences of his plea or was harmed or misled by the
admonishment.  See Article 26.13(c);
Martinez v. State, 981 S.W.2d 195, 197 (Tex.Cr.App.1998).  A record showing that the trial court
properly admonished the defendant is prima facie proof that the defendant
entered into a knowing and voluntary plea. 
See Kirk v. State, 949 S.W.2d 769, 771 (Tex.App. - Dallas 1997, pet=n ref'd).








The
reporter’s record filed in this cause does not include a transcription of any
oral admonishments given to appellant by the trial court.  The clerk’s record originally filed in this
cause contains two pages of a four-page document entitled “ADMONISHMENTS.”  The two pages that were originally filed do
not bear the signatures of appellant or his trial counsel.  Appellant bases his appellate complaint on
these omissions.  Subsequent to the
filing of appellant’s brief, the complete “ADMONISHMENTS” document has been
filed with this court in a supplemental clerk’s record.  The complete document sets forth the
admonishments required by Article 26.13(a) accompanied by appellant’s initials
written next to each individual admonishment. 
The document further states that appellant read and understood the trial
court’s admonishments set out in the document and that he waived the right to
have the trial court orally admonish him. 
The document concludes with the sworn signature of appellant and the
signatures of the prosecutor, appellant’s trial counsel, and the presiding
judge.  The record, therefore, reflects
that the trial court properly admonished appellant as required by Article
26.13(a).  Moreover, appellant does not
allege any harm which he suffered as a result of the trial court’s purported
failure to properly admonish him.  The
failure to
admonish a defendant is not
automatic reversible error and is subject to harm analysis.  Aguirre-Mata v. State, 992 S.W.2d 495, 498-99
(Tex.Cr.App.1999).  Appellant’s sole
point of error is overruled.

The
judgment of the trial court is affirmed.

 

W. G. ARNOT, III      

CHIEF
JUSTICE

 

November 21, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.