AFFIRM; Opinion issued November 14, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00364-CR

### BENJAMIN GERROD MURPHY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F11-41463-S

## MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion by Justice Fillmore

Benjamin Gerrod Murphy waived a jury and pleaded guilty to injury to a child. *See* TEX. PENAL CODE § 22.04(a) (West 2011). The trial court assessed punishment at five years' imprisonment. In a single issue, Murphy contends the trial court abused its discretion by sentencing him to imprisonment. We affirm the trial court's judgment. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

Murphy contends the trial court abused its discretion by sentencing him to imprisonment because the punishment violates the objectives of the penal code. Murphy asserts that because he did not intentionally harm the child and he received deferred probation in a different case, he should have received probation rather than a prison term. The State responds that Murphy failed to preserve this issue for appellate review and, alternatively, the record does not show the sentence violates the objectives of the penal code.

Murphy did not complain about the sentence either at the time it was imposed or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.) (to preserve error, appellant must make a timely request, objection, or motion). As a result, Murphy has not preserved the issue for our review.

Additionally, as a general rule, punishment that is assessed within the statutory range for an offense is not excessive or unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). The punishment range for injury to a child, a third-degree felony offense, is two to ten years' imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.34, 22.04(f). Murphy's five-year sentence is within the statutory range.

We conclude the trial court did not abuse its discretion by assessing the five-year sentence. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We overrule Murphy's sole issue.

We affirm the trial court's judgment.

ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120364F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BENJAMIN GERROD MURPHY,
Appellant

No. 05-12-00364-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 282nd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F11-41463-S).
Opinion delivered by Justice Fillmore,
Justices Moseley and Myers participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered November 14, 2012.

_____
ROBERT M. FILLMORE
JUSTICE

-3-