AFFIRM; Opinion Filed February 27, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-12-01151-CR
_____

## CHARLES WILLIAM KECKLER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F12-53930-T

# MEMORANDUM OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Lang

Charles William Keckler waived a jury and pleaded guilty to assault involving family violence, with three prior assault-family violence convictions. *See* TEX. PENAL CODE ANN. §22.01(a), (b)(2)(A) (West 2011); TEX. FAM. CODE ANN. §§ 71.0021, 71.005 (West 2008 & Supp. 2012). The trial court assessed punishment, enhanced by a prior felony conviction, at ten years' imprisonment. *See* TEX. PENAL CODE ANN. §12.42(a) (West Supp. 2012). In a single issue, appellant contends the trial court abused its discretion by sentencing him to imprisonment. We affirm. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion

pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

Appellant argues the trial court abused its discretion by sentencing him to imprisonment because such punishment violates the objectives of the penal code. Appellant asserts the sentence is merely punitive and does not address his longstanding drug addiction and mental health issues. The State responds that appellant has failed to preserve this issue for appellate review and, alternatively, the record does not show the sentence violates the objectives of the penal code.

Appellant did not complain about the sentence either at the time it was imposed or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.) (for error to be preserved for appeal, record must show appellant made a timely request, objection, or motion). Thus, appellant has not preserved his issue for our review.

Moreover, as a general rule, punishment that is assessed within the statutory range for an offense is not excessive or unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). Appellant was indicted for a third-degree felony offense with a punishment range of imprisonment for two to ten years and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.34, 22.01(b)(2)(A). The prior burglary conviction enhanced the punishment range to that of a second-degree felony, which is imprisonment for two to twenty years and an optional fine not to exceed $10,000. *See id.* §§ 12.33, 12.42(a). The ten-year sentence assessed in this case is within the statutory range for a second-degree felony offense.

We conclude the trial court did not abuse its discretion in sentencing appellant to imprisonment. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (sentence within proper range of punishment will not be disturbed on appeal). We resolve appellant's sole issue against him.

We affirm the trial court's judgment.

_____
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121151F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHARLES WILLIAM KECKLER,
Appellant

No. 05-12-01151-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 283rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F12-53930-T).
Opinion delivered by Justice Lang, Justices
Francis and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered February 27, 2013.


DOUGLAS S. LANG
JUSTICE