# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-12-00353-CR
_____

### KERRY GOODMAN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 10-09611**

### MEMORANDUM OPINION

Appellant Kerry Goodman appeals from the trial court's revocation of his community supervision. In two issues, Goodman contends that his sentence is disproportionate and unreasonable and, therefore violates both the United States Constitution and article I, section 13 of the Texas Constitution. We overrule Goodman's issues and affirm the trial court's judgment.

## Background

Goodman was indicted for aggravated robbery. Pursuant to a plea bargain agreement, Goodman pled guilty to the lesser included offense of robbery. *See* Tex. Penal Code Ann. § 29.02 (West 2011). The trial court found the evidence sufficient to find Goodman guilty, but deferred finding him guilty, and placed him on community supervision for four years. The State subsequently filed a motion to revoke Goodman's community supervision. During the revocation hearing, Goodman pled "true" to three violations of the terms of his community supervision. Thereafter, the trial court found that Goodman violated the terms of the community supervision order, found Goodman guilty of the lesser included offense of robbery, revoked Goodman's community supervision, and imposed a sentence of 18 years of confinement.

## Eighth Amendment

In Goodman's first and second issues, he complains that the trial court's punishment was unconstitutionally disproportionate and unreasonable under the Eighth Amendment of the United States Constitution and article I, section 13 of the Texas Constitution. *See* U.S. CONST. amend. VIII; *see also* Tex. Const. art. I, § 13.[1]

---

[1] Goodman also argues that the trial court "unreasonably applied facts" in violation of article 37.07 of the Texas Code of Criminal Procedure, used "unverifiable facts" to sentence him, and violated his due process and equal

Goodman did not object when the trial court pronounced sentence and did not file a motion for new trial. To preserve error for appellate review, the complaining party must present a timely and specific objection to the trial court, and obtain a ruling. Tex. R. App. P. 33.1(a). A party's failure to object with specificity to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion waives any error for the purposes of appellate review. *Rhoades v. State*, 934 S.W.2d 113, 119-20 (Tex. Crim. App. 1996); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Because Goodman did not raise any objections when the trial court sentenced him, and because he subsequently did not file any post-sentence motions complaining about the alleged excessive sentence, we hold that he has waived this complaint.

Even had Goodman preserved his complaint for appellate review, his 18-year sentence is within the statutorily authorized range of punishment for the offense of second degree robbery. *See* Tex. Penal Code Ann. §§ 12.33, 29.02 (West 2011). Generally, we will not disturb a sentence that is within the statutory range of punishment. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). In addition, a punishment that is within the statutory range for the offense is

protection rights under the United States and Texas Constitution. Appellant cites no relevant authority to support this argument. *See* Tex. R. App. P. 38.1(i).

generally not excessive or unconstitutionally cruel or unusual under the Texas Constitution or the United States Constitution. *See Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.). Additionally, the record contains no evidence "reflecting sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which to make a comparison" in evaluating Goodman's disproportionate sentence claim.[2] *See Jackson*, 989 S.W.2d at 846. We overrule Goodman's two issues and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on March 19, 2013
Opinion Delivered May 8, 2013
Do not publish

Before Gaultney, Kreger and Horton, JJ.

---

[2] Goodman asks this Court to abate the appeal for a hearing to allow him to gather information regarding sentences imposed for similar offenses on criminals in Texas or other jurisdictions. Goodman cites no applicable authority to support this proposition. *See* Tex. R. App. P. 38.1(i).

4