**AFFIRM; and Opinion Filed December 2, 2013.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01341-CR

**CHAMEL NICOLE ANDERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F09-56401-U**

## MEMORANDUM OPINION

Before Justices FitzGerald, Lang, and Fillmore
Opinion by Justice Fillmore

Chamel Nicole Anderson appeals from the adjudication of her guilt for aggravated assault with a deadly weapon. The trial court assessed punishment at ten years' imprisonment. In three issues, Anderson contends the trial court improperly considered inadmissible hearsay evidence in determining her punishment, and the ten-year sentence imposed by the trial court violates the United States and Texas constitutions because it is grossly disproportionate to the crime and inappropriate to the offender. We affirm.

Anderson waived a jury and pleaded guilty to aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). Pursuant to a plea agreement, the trial

court deferred adjudicating guilt, placed Anderson on five years' community supervision, and assessed a $2,000 fine. The State later moved to adjudicate guilt, alleging Anderson violated the following conditions of her community supervision: condition (b) by testing positive for cocaine; condition (d) by failing to report to the community supervision office as directed; condition (e) by failing to give twenty-four-hour notice of changes in home or employment address; condition (h) by failing to pay court costs and fines; condition (j) by failing to pay community supervision fees; condition (k) by failing to make a Crime Stoppers payment; and condition (n) by failing to pay the urinalysis fee ordered by the court. Anderson pleaded true to the allegations. The trial court found the allegations true, revoked Anderson's community supervision, adjudicated her guilty of the aggravated assault with a deadly weapon offense, and sentenced her to ten years' imprisonment.

In her first issue, Anderson contends the trial court improperly considered inadmissible hearsay evidence in determining her punishment. The State responds that Anderson's complaint was not preserved, the complained-of evidence was admissible under an exception to the hearsay rule, and any error by the trial court in considering the complained-of evidence was not harmful.

Anderson objected on the basis of hearsay when her probation officer testified there were allegations contained in Anderson's probation file indicating she engaged in prostitution while she was on community supervision.[1] That objection was sustained by the trial court. The witness did not return to that subject. When the trial court granted the State's request that it take judicial notice of the entire contents of court's file, which included Anderson's probation file, Anderson failed to make a timely objection that the file contained hearsay. Later in the

---

[1] Anderson's probation file is not included in the appellate record.

proceeding, the trial court examined Anderson concerning allegations of prostitution contained in her probation file, and again Anderson failed to make a timely objection.

To preserve error for appellate review, a party must make a timely request, objection, or motion to the trial court that "state[s] the grounds for the ruling . . . sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A); *see also Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (with limited exceptions, Texas law requires that, to preserve error for appellate review, party must object each time inadmissible evidence is offered). Here, no timely objection was made either when the trial court took judicial notice of the probation file containing reports Anderson was engaged in prostitution while on community supervision or when the trial court questioned Anderson about whether she had been engaged in prostitution while on community supervision.[2] In the absence of a timely objection, evidence is not denied probative value simply because it is hearsay. TEX. R. EVID. 802; *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). Because Anderson failed to object to the trial court taking judicial notice of the contents of Anderson's probation file or questioning Anderson about whether she had been engaged in prostitution while on community supervision, she has not preserved an issue for appellate review. We resolve Anderson's first issue against her.

In her second and third issues, Anderson contends her ten-year sentence is grossly disproportionate to the crime and inappropriate to the offender, in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 13 of the Texas Constitution. See U.S. CONST. amend. VIII, XIV; TEX. CONST. art. I, § 13. Anderson asserts the evidence shows she needed treatment for her drug addiction and not incarceration. The State

---

[2] Near the end of the punishment hearing, Anderson's counsel made a very short closing argument during which he indicated "as much as the Court can, would ask the Court to disregard any unfounded or hearsay allegations that have been made." To the extent this argument may be construed to be a hearsay objection, it was untimely.

responds that Anderson has failed to preserve her complaints for appellate review and, alternatively, the sentence is neither grossly disproportionate to the crime nor cruel or unusual punishment.

Anderson did not complain about the sentence either at the time it was imposed or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Thus, Anderson has not preserved this issue for appellate review.

Moreover, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Aggravated assault with a deadly weapon is a second-degree felony offense punishable by imprisonment for two to twenty years and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.33 (West 2011), 22.02(b). Anderson's ten-year sentence is within the statutory punishment range. We resolve Anderson's second and third issues against her.

We affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121341F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHAMEL NICOLE ANDERSON,
Appellant

No. 05-12-01341-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F09-56401-U).
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Lang participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered December 2, 2013.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE