**Affirmed and Opinion Filed March 26, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-12-01656-CR
_____

**SHENEQUA LICOLE BARBER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-59385-U**
_____

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Brown
Opinion by Justice Bridges

Shenequa Licole Barber waived a jury and pleaded guilty to fraudulent use or possession of identifying information. *See* TEX. PENAL CODE ANN. § 32.51(b) (West Supp. 2013). The trial court assessed punishment at fifteen years' imprisonment and a $2,000 fine. The trial court's judgment also includes an order that appellant pay $244 in court costs. In a two issues, appellant contends the trial court abused its discretion by sentencing her to imprisonment and there is insufficient evidence in the record to support the order that she pay $244 in court costs. We affirm the trial court's judgment.

In her first issue, appellant argues the trial court abused its discretion by sentencing her to imprisonment because such punishment violates the objectives of the penal code. Appellant asserts the sentence is merely punitive and does not address her longstanding drug addiction issues. The State responds that appellant failed to preserve this issue for appellate review and, alternatively, the record does not show the sentence violates the objectives of the penal code.

Appellant did not complain about the sentence either at the time it was imposed or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Thus, appellant has not preserved her issue for review.

Moreover, as a general rule, punishment that is assessed within the statutory range for an offense is not excessive or unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). Here, appellant was indicted for the second-degree felony offense of fraudulent use or possession of identifying information of ten or more items but less than fifty. The punishment range is imprisonment for two to twenty years and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.33, 32.51(c)(3). Although the trial court assessed the maximum punishment, the twenty-year sentence is within the statutory range for the offense given appellant's criminal history that includes thirteen felony convictions.

We conclude the trial court did not abuse its discretion in sentencing appellant to imprisonment. *See Jackson v. State*, 680 S.W.2d 809–14 (Tex. Crim. App. 1984) (sentence within proper punishment range not disturbed on appeal). We overrule appellant's first issue.

In her second issue, appellant contends the evidence is insufficient to support the trial court's order that she pay $244 in court costs because the original clerk's record does not contain a bill of costs. The record before us contains the bill of costs. Appellant's complaints have been

addressed and rejected.  *See Johnson v. State*, No. PD-0193-13, 2014 WL 714736, at *4–8 (Tex.

Crim. App. Feb. 26, 2014); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas, pet.

ref'd).  We overrule appellant's second issue.

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
121656F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHENEQUA LICOLE BARBER,
Appellant

No. 05-12-01656-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F12-59385-U).
Opinion delivered by Justice Bridges,
Justices O'Neill and Brown participating.


Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.


Judgment entered March 26, 2014



/David L. Bridges/
DAVID L. BRIDGES
JUSTICE