**Affirmed and Affirmed as Modified; and Opinion Filed June 17, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01438-CR
No. 05-13-01439-CR
No. 05-13-01444-CR
No. 05-13-01445-CR

## MARCUS COURTNEY BRYANT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 1
### Dallas County, Texas
### Trial Court Cause Nos. F05-43794-H, F05-43793-H, F13-24413-H, F13-24416-H

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

Marcus Courtney Bryant appeals his convictions for theft and burglary of a habitation. In four issues, appellant contends the sentences imposed violate his constitutional rights and the judgments in the burglary cases should be modified. In the burglary cases, we modify the trial court's judgments and affirm as modified. In the theft cases, we affirm.

In cause nos. 05-13-01438-CR and 05-13-01439-CR, appellant waived a jury and pleaded guilty to theft of property valued less than $1,500 and having two prior theft convictions. *See* TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2013). Pursuant to plea agreements, the trial

court assessed punishment at two years' confinement in state jail, probated for five years, and $1,000 fines. The State later moved to revoke community supervision, alleging appellant violated the terms of his community supervision, including by committing two new burglary offenses. Appellant pleaded true to the allegations in a hearing on the motions. The trial court found the allegations true, revoked appellant's community supervision, and assessed punishment at two years' confinement in state jail.

In cause nos. 05-13-01444-CR and 05-13-01445-CR, appellant waived a jury and pleaded true to burglary of a habitation. *Id.* § 30.02(a) (West 2011). After finding appellant guilty, the trial court assessed punishment at twenty years' imprisonment in each case.

In his first and second issue, appellant contends the sentences are grossly disproportionate to the offenses and inappropriate to the offender, in violation of the United States and Texas Constitutions. Appellant asserts he committed the offenses to support his drug addiction, and he should have been continued on community supervision and been given drug treatment. The State responds that appellant failed to preserve his complaints for appellate review and alternatively, the sentences cannot be characterized as being grossly disproportionate to the offenses.

Appellant did not complain about the sentences either at the time they were imposed or in his motions for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d at 723. Thus, he has not preserved this issue for appellate review. Moreover, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Theft of property valued less than $1,500 and having two prior theft convictions is a state-jail felony, punishable by

confinement in state jail for 180 days to two years and an optional fine not to exceed $10,000. *See* Tex. Penal Code Ann. §§ 12.35, 31.03(a), (b)(4)(D) (West Supp. 2013). Burglary of a habitation is a second-degree felony offense, punishable by imprisonment for two to twenty years and an optional fine not to exceed $10,000. *Id*. §§ 12.33, 30.02(a), (c)(2) (West 2011). Appellant's sentences of two years in state jail and twenty years imprisonment are within the statutory ranges of their respective offenses. We conclude the sentences do not violate either the United States or Texas Constitution. We overrule appellant's first two issues.

In his third and fourth issues, appellant contends the trial court's judgments in the burglary cases should be modified to reflect there were no plea bargain agreements. The State agrees the judgments should be modified as appellant requests.

The records show appellant entered open guilty pleas to the charges in the indictments. The judgments, however, erroneously recite terms of plea bargain agreements. We sustain appellant's third and fourth issues. In cause nos. 05-13-01444-CR and 05-13-01445-CR, we modify the trial court's judgments to show the terms of plea bargain were "open." *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). As modified, we affirm.

In cause nos. 05-13-01438-CR and 05-13-01439-CR, we affirm the trial court's judgments.

Do Not Publish
Tex. R. App. P. 47
131438F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCUS COURTNEY BRYANT,
Appellant

No. 05-13-01438-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 1 of Dallas County, Texas (Tr.Ct.No.
F05-43794-H).
Opinion delivered by Justice Bridges,
Justices Francis and Lang-Miers
participating.


Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.


Judgment entered June 17, 2014


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCUS COURTNEY BRYANT,
Appellant

No. 05-13-01439-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 1 of Dallas County, Texas (Tr.Ct.No.
F05-43793-H).
Opinion delivered by Justice Bridges,
Justices Francis and Lang-Miers
participating.


Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.


Judgment entered June 17, 2014

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

-5-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCUS COURTNEY BRYANT,
Appellant

No. 05-13-01444-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 1 of Dallas County, Texas (Tr.Ct.No.
F13-24413-H).
Opinion delivered by Justice Bridges,
Justices Francis and Lang-Miers
participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered June 17, 2014

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCUS COURTNEY BRYANT,
Appellant

No. 05-13-01445-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 1 of Dallas County, Texas (Tr.Ct.No.
F13-24416-H).
Opinion delivered by Justice Bridges,
Justices Francis and Lang-Miers
participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered June 17, 2014

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE