**AFFIRM; and Opinion Filed February 23, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00029-CR

### JORGE LUIS ALEJANDRO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 5
### Dallas County, Texas
### Trial Court Cause No. F13-58523-L

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

Jorge Luis Alejandro appeals his conviction for robbery. In two issues, appellant contends the sentence violates his constitutional rights. We affirm the trial court's judgment.

Appellant waived a jury and pleaded guilty before the trial court to robbery. *See* TEX. PENAL CODE ANN. § 29.02(a) (West 2011). Appellant also pleaded true to two enhancement paragraphs alleging prior felony convictions. After finding appellant guilty and the enhancement paragraphs true, the trial court assessed punishment at twenty-five years' imprisonment.

Appellant contends the twenty-five-year sentence is grossly disproportionate to the offense and inappropriate to the offender, in violation of the United States and Texas

Constitutions. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. Appellant asserts he committed the offenses to support his "serious drug and alcohol addictions," he needed treatment, not incarceration, and that the trial court should have imposed a lighter sentence. The State responds that appellant failed to preserve his complaints for appellate review and alternatively, the sentence is within the statutory punishment range for an habitual offender.

Appellant did not complain about the sentence either at the time it was imposed or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d at 723. Thus, he has not preserved this issue for appellate review.

Moreover, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Appellant was convicted of the second-degree felony offense of robbery. *See* TEX. PEN. CODE ANN. § 29.02(b). He pleaded true to the two alleged enhancement paragraphs, and was sentenced as an habitual offender. The statutory punishment range was imprisonment for twenty-five to ninety-nine years or life. *See* TEX. PENAL CODE ANN. § 12.42(d) (West 2011). Appellant's twenty-five-year sentence is at the bottom of the statutory range. Once the trial court found appellant guilty and the enhancement paragraphs true, there was no "lighter" sentence the trial court could have imposed.[1] *See id.* We overrule appellant's two issues.

---

[1] Appellant's prayer for relief is for a new punishment hearing. Appellant does not challenge either the trial court's finding appellant guilty or finding the enhancement paragraphs true.

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140029F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JORGE LUIS ALEJANDRO, Appellant

No. 05-14-00029-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 5 of Dallas County, Texas (Tr.Ct.No.
F13-58523-L).
Opinion delivered by Justice Lang-Miers,
Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered February 23, 2015.