**AFFIRMED; Opinion Filed October 29, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00531-CR
No. 05-15-00532-CR
No. 05-15-00533-CR
No. 05-15-00534-CR

**ALLEN LAND JACKSON, III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-72526-H, F13-56606-H, F13-56607-H, F14-58810-H**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Fillmore and Stoddart
Opinion by Justice Stoddart

Allen Land Jackson, III was convicted of delivery of cocaine, two possession with intent to deliver cocaine offenses, and possession of marijuana. In two issues, appellant contends the sentence in each case violates the objectives of the penal code. We affirm the trial court's judgments.

In cause nos. 05-15-00531-CR and 05-15-00532-CR, appellant waived a jury and pleaded guilty to delivery of cocaine in an amount of one gram or more but less than four grams and possession with intent to deliver cocaine in an amount of four grams or more but less than 200

grams. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), (c), (d), (West 2010). Appellant also pleaded true to one enhancement paragraph in each case. In both cases, the trial court deferred adjudicating guilt, placed appellant on seven years' community supervision, and assessed a $500 fine. In cause no. 05-15-00533-CR, appellant waived a jury and pleaded guilty to possession of marijuana in an amount of five pounds or less but more than four ounces. *See id*. § 481.121(a), (b)(3). The trial court deferred adjudicating guilt and placed appellant on five years' community supervision.

The State later moved to adjudicate guilt, alleging appellant violated the conditions of his community supervision, including committing a new drug offense. Appellant pleaded true to the allegations at a hearing on the motions. The trial court found the allegations true, adjudicated appellant guilty in each case, and assessed punishment at twenty years' imprisonment on the two cocaine cases and two years' confinement in a state jail facility on the marijuana conviction.

In cause no. 05-15-00534-CR, appellant waived a jury and pleaded true to possession with intent to deliver cocaine in an amount of four grams or more but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d). Appellant also pleaded true to one enhancement paragraph. After finding appellant guilty and the enhancement paragraph true, the trial court sentenced appellant to twenty years' imprisonment.

Appellant contends the trial court abused its discretion by sentencing him to the twenty-year prison terms and two years in a state jail because those sentences violate the statutory objectives of punishment as outlined in the Texas Penal Code. Appellant argues the trial court sentenced him without addressing his mental health issues, and that he had hoped to get treatment for his drug addiction and mental health issues. The State responds that appellant

failed to preserve this issue for appellate review and, alternatively, the trial court properly exercised its discretion in sentencing appellant.

Appellant did not complain about the sentences either at the time they were imposed or in motions for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.) (to preserve error, appellant must make a timely request, objection, or motion). As a result, appellant has not preserved the issue for our review.

Additionally, as a general rule, punishment that is assessed within the statutory range for an offense is not excessive or unconstitutionally cruel or unusual. *See Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). The delivery of cocaine offense is a second-degree felony offense. With the prior felony conviction, the punishment range is enhanced to that of a first-degree punishment range, which is five to ninety-nine years or life imprisonment and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.32 (West 2011); TEX. HEALTH & SAFETY CODE ANN. § 481.112(c)(1) (West 2010). The offenses of possession with intent to deliver cocaine are first-degree felony offenses. With the enhancement paragraphs, the punishment range for the offenses is fifteen to ninety-nine years or life and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.32, 12.42(c)(1) (West 2011); TEX. HEALTH & SAFETY CODE ANN. § 481.112(c), (d) (2010). The marijuana case is a state jail felony offense. The punishment range is confinement in state jail for 180 days up to two years and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.35, TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3). Appellant's twenty-year prison sentences are toward the lower end of the statutory ranges and his two-year state jail sentence is within the statutory range.

We conclude the trial court did not abuse its discretion by assessing the sentences in these cases. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We overrule appellant's issues.

In a cross-point, the State asks us to modify the judgments in cause nos. 05-15-00531-CR and 05-15-00532-CR to reflect appellant's plea of true and the trial court's finding of true to the enhancement paragraph alleged in each case. We conclude modification is not necessary because the judgment in each case includes a special finding that states: "Plead true to the 2nd paragraph/2nd paragraph found true." We overrule the State's cross-point.

We affirm the trial court's judgments.

/s/ Craig Stoddart
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150531F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALLEN LAND JACKSON, III, Appellant

No. 05-15-00531-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 1 of Dallas County, Texas (Tr.Ct.No. F12-72526-H).
Opinion delivered by Justice Stoddart, Chief Justice Wright and Justice Fillmore participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered the 29th of October, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALLEN LAND JACKSON, III, Appellant

No. 05-15-00532-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the  Criminal District Court
No. 1 of Dallas County, Texas (Tr.Ct.No.
F13-56606-H).
Opinion delivered by Justice Stoddart,
Chief Justice Wright and Justice Fillmore
participating.


Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.


Judgment entered the 29th of October, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALLEN LAND JACKSON, III, Appellant

No. 05-15-00533-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 1 of Dallas County, Texas (Tr.Ct.No. F13-56607-H).
Opinion delivered by Justice Stoddart, Chief Justice Wright and Justice Fillmore participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered the 29th of October, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALLEN LAND JACKSON, III, Appellant

No. 05-15-00534-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 1 of Dallas County, Texas (Tr.Ct.No. F14-58810-H).
Opinion delivered by Justice Stoddart, Chief Justice Wright and Justice Fillmore participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered the 29th of October, 2015.