**Affirmed as Modified; Opinion Filed November 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00508-CR

### DARELL GENE AARON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-24130-V**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

Darell Gene Aaron waived a jury and pleaded guilty to aggravated sexual assault of a child younger than fourteen years. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West Supp. 2015). The trial court sentenced appellant to forty-five years' imprisonment. In two issues, appellant contends the sentence violates the United States and Texas Constitutions. We modify the judgment and affirm as modified.

Appellant argues the forty-five-year sentence is grossly disproportionate to the offense and inappropriate to the offender, in violation of the United States and Texas Constitutions. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. Appellant asserts that because he was in poor

health after having suffered a stroke and a heart attack, and the fact that the alleged acts occurred twenty years ago, he should have been given a shorter sentence. The State responds that appellant did not preserve his complaint for appellate review and alternatively, the sentence does not violate the United State and Texas Constitutions.

To preserve error for appellate review, the record must show appellant made a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1). Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *Rhoades v. State* , 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Appellant did not object when he was sentenced, and his motion for new trial did not raise this complaint. Accordingly, he has not preserved the issue for appellate review. *See Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).

Moreover, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). The punishment range for the offense of aggravated sexual assault of a child younger than fourteen years is imprisonment for life or for any term not more than ninety-nine years nor less than five years, and an optional fine up to $10,000. *See* TEX. PENAL CODE ANN. §§ 12.32, 21.021(e) (West 2011 & Supp. 2015). Appellant's forty-five-year sentence is well within the statutory range. We overrule appellant's issues.

We note the trial court's judgment contains an error. Appellant was convicted of aggravated sexual assault of a child, an offense that is subject to the sex offender registration requirements of Chapter 62. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A) (West Supp. 2015). The judgment erroneously states the age of the victim at the time of the offense is "N/A."

We modify the judgment to show that sex offender registration requirements apply and the victim's age was nine years. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment. We order the trial court to issue an amended judgment that reflects this change and to include the language required by the Texas sex offender registration statutes.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150508F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DARELL GENE AARON, Appellant

No. 05-15-00508-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 292nd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-24130-V).
Opinion delivered by Justice Stoddart, Justices Francis and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** to show that Sex Offender Registration Requirements do apply to the defendant and that the age of the victim at the time of the offense was nine years.

As modified, we **AFFIRM** the trial court's judgment.

We **ORDER** the trial court to issue an amended judgment that reflects the above changes and to include any other language required by the Texas sex offender registration.

Judgment entered this 25th day of November, 2015.