**AFFIRM; Opinion Filed January 13, 2014.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01004-CR
No. 05-12-01005-CR

**QUENTARRIUS DEONTRAY BALDWIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-54128-W, F11-54133-W**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Moseley

A jury convicted Quentarrius Deontray Baldwin of two aggravated robbery with a deadly weapon offenses. The trial court assessed punishment at forty years' imprisonment in each case. The trial court's judgments also include orders that appellant pay $239 in court costs. In three issues, appellant contends the trial court abused its discretion by sentencing him to imprisonment, and there is insufficient evidence in the record to support the trial court's orders for him to pay court costs. We affirm the trial court's judgments.

In his first issue, appellant contends the trial court abused its discretion by sentencing him to forty years' imprisonment because that punishment violates the objectives of the penal code

and is not necessary to prevent a likely recurrence of appellant's criminal behavior. Appellant asserts his testimony shows he needed proper drug treatment rather than incarceration, and that the sentence imposed is merely punitive. The State responds appellant has failed to preserve his complaint for appellate review.

Appellant did not complain about the sentences either at the time they were imposed or in motions for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Thus, appellant has not preserved this issue for appellate review.

Moreover, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Aggravated robbery with a deadly weapon is a first-degree felony, punishable by imprisonment for five to ninety-nine years or life and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.32, 29.03(b) (West 2011). Appellant's forty-year sentences are within the statutory punishment range. We resolve appellant's first issue against him.

In his second and third issues, appellant contends the evidence is insufficient in each case to support the trial court's order that he pay $239 in court costs because the clerk's records do not contain bills of costs. The State responds that there is sufficient evidence to support the amount of court costs assessed.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing

the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's records in these cases did not contain the bills of costs. We, however, ordered the Dallas County District Clerk to file supplemental records containing certified bills of costs associated with the cases, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted). Appellant's complaints that the evidence is insufficient to support the imposition of costs because the clerk's records did not contain bills of costs are now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. ref'd); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule her two issues.

In response to the Court's order requiring supplementation of the records, appellant filed an objection that the bills of costs in the supplemental records are not "proper bill[s] of costs" and the bills of costs were not filed in the trial court or brought to the trial court's attention before costs were entered in the judgments. The Court rejected these objections and arguments in *Coronel*. *See Coronel*, 2013 WL 3874446, at *4–5. We likewise reject them here, and conclude the cost bills contained in the supplemental clerk's records are sufficient to support the assessment of costs in the judgments. *See id.* We overrule appellant's objection to the supplemental clerk's records.

We affirm the trial court's judgments.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
Tex. R. App. P. 47
121004F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

QUENTARRIUS DEONTRAY
BALDWIN, Appellant

No. 05-12-01004-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F11-54128-W).
Opinion delivered by Justice Moseley,
Justices Bridges and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered January 13, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

QUENTARRIUS DEONTRAY
BALDWIN, Appellant

No. 05-12-01005-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F11-54133-W).
Opinion delivered by Justice Moseley,
Justices Bridges and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered January 13, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE