**AFFIRM; and Opinion Filed January 17, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00434-CR

### REGINALD R.W. COLEMAN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 363rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F12-24792-W

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lang-Miers

Reginald R.W. Coleman waived a jury and pleaded guilty to burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a) (West 2011). The trial court assessed punishment at ten years' imprisonment. The trial court's judgment also includes an order that appellant pay $244 in court costs. In two issues, appellant contends there is insufficient evidence in the record to support the trial court's order for him to pay court costs and the trial court abused its discretion by sentencing him to imprisonment. We affirm the trial court's judgment.

In his first issue, appellant contends the evidence is insufficient to support the trial court's order that he pay $244 in court costs because the clerk's record does not contain a bill of costs.

The State responds that the evidence in the record is sufficient to support the trial court's assessment of $244 in court costs.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's record in this case does not contain the bill of costs. We, however, ordered the Dallas County District Clerk to file a supplemental record containing a certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted). Appellant's complaint that the evidence is insufficient to support the imposition of costs because the clerk's records did not contain a bill of costs is now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. ref'd); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule his first issue.

In response to the Court's order requiring supplementation of the records, appellant filed an objection that the bill of costs in the supplemental record is not "proper bill[s] of costs" and the bill of costs was not filed in the trial court or brought to the trial court's attention before costs were entered in the judgment. The Court rejected these objections and arguments in *Coronel*. *See Coronel*, 2013 WL 3874446, at *4–5. We likewise reject them here, and conclude the cost bills contained in the supplemental clerk's record is sufficient to support the assessment of costs in the judgment. *See id*. We overrule appellant's objection to the supplemental clerk's record.

In his second issue, appellant contends the trial court abused its discretion by sentencing him to ten years' imprisonment because that punishment violates the objectives of the penal code. Appellant asserts he expressed remorse and took responsibility for committing the offense and, thus, should have been given probation and drug treatment, not imprisonment. The State responds appellant has waived his complaint that the trial court assessed an unduly harsh sentence.

Appellant did not complain about the sentence either at the time it was imposed or in his motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Thus, appellant has not preserved this issue for appellate review.

Moreover, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Burglary of a habitation is a second-degree felony, punishable by imprisonment for two to twenty years and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.33, 30.02(c)(2) (West 2011). Appellant's ten-year sentence is within the statutory punishment range. We resolve appellant's second two issues against him.

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130434F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REGINALD R.W. COLEMAN,
Appellant

No. 05-13-00434-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F12-24792-W).
Opinion delivered by Justice Lang-Miers,
Justices Francis and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered January 17, 2014.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE