**Affirmed as Modified and Opinion Filed March 5, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01346-CR
No. 05-13-01347-CR

**SANTOS ADRIAN ARMIJO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-54598-J, F13-54294-J**

## MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Francis

Santos Adrian Armijo waived a jury and pleaded guilty to two charges of aggravated robbery with a deadly weapon. The trial court assessed punishment at twenty years in prison and a $5,000 fine in each case. The trial court's judgments also include orders that appellant pay $244 in court costs. In three issues, appellant contends the trial court abused its discretion by sentencing him to imprisonment and insufficient evidence exists to support the orders that he pay $244 in court costs. A cross-issue by the State seeks modification of one judgment to include the fine amount. We modify the judgment in cause no. 05-13-01346-CR and affirm as modified, and we affirm the trial court's judgment in cause no. 05-13-01347-CR.

In his first issue, appellant argues the trial court abused its discretion by sentencing him to imprisonment in each case because such punishment violates the objectives of the penal code. Appellant asserts the sentences are merely punitive and do not address his longstanding drug addiction issues. The State responds that appellant failed to preserve this issue for appellate review and, alternatively, the trial court properly exercised its discretion in assessing the sentences.

Appellant did not complain about the sentences either at the time they were imposed or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Thus, appellant has not preserved his issue for review.

Moreover, as a general rule, punishment that is assessed within the statutory range for an offense is not excessive or unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). In each case, appellant was indicted for the first-degree felony offense of aggravated robbery. The punishment range is imprisonment for five to ninety-nine years or life and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.32, 29.03(b). The twenty-year sentences imposed in these cases are on the low end of the statutory range for the offense.

We conclude the trial court did not abuse its discretion in sentencing appellant to imprisonment. *See Jackson v. State*, 680 S.W.2d 809–14 (Tex. Crim. App. 1984) (sentence within proper range of punishment will not be disturbed on appeal). We resolve appellant's first issue against him.

In his second and third issues, appellant contends the evidence is insufficient to support the order in each case that he pay $244 in court costs because the clerk's records do not contain proper written bills of costs. The record before us contains the bills of costs. Appellant's

complaints have been addressed and rejected. *See Johnson v. State*, No. PD-0193-13, 2014 WL 714736, at \*4–8 (Tex. Crim. App. Feb. 26, 2014); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas 2013, pet. ref'd). We overrule appellant's second and third issues.

In a cross-issue, the State asks us to modify the judgment in cause no. 05-13-01346-CR to include the $5,000 fine that was orally pronounced by the trial court when appellant was sentenced. The record shows the trial court assessed a $5,000 in each case when it imposed the twenty-year prison sentences. The judgment, however, omits the fine. When a conflict exists between the oral pronouncement and the judgment, the oral pronouncement controls. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). We sustain the State's cross-point.

In cause no. 05-13-01346-CR, we modify the trial court's judgment to include the $5,000 fine orally pronounced. As modified, we affirm the trial court's judgment. In cause no. 05-13-01347-CR, we affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
131346F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SANTOS ADRIAN ARMIJO, Appellant

No. 05-13-01346-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 3 of Dallas County, Texas (Tr.Ct.No.
F13-54598-J).
Opinion delivered by Justice Francis,
Justices Moseley and Lang participating.


Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Fine" is modified to show "$5,000."

As modified, we **AFFIRM** the trial court's judgment.


Judgment entered March 5, 2015


/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SANTOS ADRIAN ARMIJO, Appellant

No. 05-13-01347-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 3 of Dallas County, Texas (Tr.Ct.No. F13-54294-J).
Opinion delivered by Justice Francis, Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered March 5, 2014

/Molly Francis/
MOLLY FRANCIS
JUSTICE