**Affirmed and Opinion Filed March 27, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00150-CR
### No. 05-14-00151-CR

**EMELIO PALACIO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

### On Appeal from the Criminal District Court No. 5
### Dallas County, Texas
### Trial Court Cause Nos. F12-34223-L, F13-31254-L

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Emelio Palacio appeals from his aggravated robbery and possession of methamphetamine convictions. In three issues, he contends the trial court erred when it failed to conduct a separate punishment hearing after adjudicating his guilt and the sentences violate the United States and Texas constitutions. We affirm the trial court's judgments.

In June 2013, appellant waived a jury and pleaded guilty to aggravated robbery with a deadly weapon, a firearm. The trial court deferred adjudication of guilt, placed appellant on community supervision for eight years, and assessed a $1,000 fine. The State later moved to adjudicate guilt, alleging appellant violated several conditions of his community supervision

including an October 2013 possession of methamphetamine offense. Appellant pleaded true to the allegations at the hearing on the motion. The trial court found the allegations true, adjudicated appellant guilty of aggravated robbery and sentenced him to twenty-five years in prison.

At the same hearing, appellant waived a jury and pleaded guilty to possession of methamphetamine in an amount of one gram or more but less than four grams. The trial court found appellant guilty and assessed punishment at five years in prison.

In his first issue, appellant asserts the trial court did not "allow" him an opportunity to have a proper sentencing hearing after adjudicating him guilty of aggravated robbery. The State responds that appellant has waived appellate review and alternatively, the trial court properly sentenced him after adjudicating his guilt.

Appellant was entitled to a punishment hearing after the adjudication of his guilt. *See Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001). However, appellant's right to a separate punishment hearing is a statutory right that can be waived. *See id*. at 886. Appellant did not complain about the lack of a separate punishment hearing either at the time he was adjudicated guilty or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).

Moreover, the record reflects appellant presented punishment evidence in both cases. *See Hardeman v. State*, 1 S.W.3d 689, 691 (Tex. Crim. App. 1999). During the hearing, appellant testified and said he had a "drug problem," and read a letter he wrote to the trial judge asking for "rehab." Appellant also presented testimony from his mother, who asked the trial judge to get appellant "some help." We overrule his first issue.

In his second and third issues, appellant contends the sentences are grossly disproportionate to the offenses and inappropriate to the offender, in violation of the United

States and Texas constitutions. Appellant asserts he has a "serious drug addiction" and needs treatment, not incarceration. Appellant argues that because no evidence shows he was a violent person or had a lengthy criminal history, he should have received treatment. The State responds that appellant failed to preserve his complaints for appellate review and the trial court properly exercised its discretion in sentencing appellant in these cases. The State notes that during the hearing, appellant admitted having robbed his victim at gunpoint.

Appellant did not complain about the sentences either at the time they were imposed or in motions for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d at 723. Thus, he has not preserved this issue for appellate review.

Moreover, punishment assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Aggravated robbery with a deadly weapon is a first-degree felony, with a punishment range of imprisonment of five to ninety-nine years or life and an optional fine not to exceed $10,000. *See* TEX. PEN. CODE ANN. §§ 12.32, 29.03(b). Appellant's twenty-five-year sentence is within the statutory range. Likewise, appellant's five-year sentence is within the punishment range for the possession of methamphetamine conviction. Possession of methamphetamine in an amount of one gram or more but less than four grams is a third-degree felony offense with punishment of imprisonment for two to ten years and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.24; TEX. HEALTH & SAFETY CODE ANN. § 481.115(c).

We overrule appellant's two issues. We affirm the trial court's judgments.


Do Not Publish
TEX. R. APP. P. 47
140150F.U05

<table>
<tr><td>/Molly Francis/</td></tr>
<tr><td>MOLLY FRANCIS<br>JUSTICE</td></tr>
</table>



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EMELIO PALACIO, Appellant

No. 05-14-00150-CR       V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 5 of Dallas County, Texas (Tr.Ct.No.
F12-34223-L).
Opinion delivered by Justice Francis,
Justices Lang-Miers and Whitehill
participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **AFFIRMED**.

Judgment entered March 27, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EMELIO PALACIO, Appellant

No. 05-14-00151-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the  Criminal District Court
No. 5 of Dallas County, Texas (Tr.Ct.No.
F13-31254-L).
Opinion delivered by Justice Francis,
Justices Lang-Miers and Whitehill
participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered March 27, 2015.