**AFFIRMED as Modified; Opinion Filed April 27, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00495-CR

## MELQUIADES HERNANDEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 1
### Dallas County, Texas
### Trial Court Cause No. F13-55932-H

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Myers

A jury convicted Melquiades Hernandez of continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2014). The trial court assessed punishment at sixty years' imprisonment. In three issues, appellant contends the sentence violates the United States and Texas Constitutions and the judgment should be modified to show the trial court assessed the punishment. We modify the trial court's judgment and affirm as modified.

DISPROPORTIONATE SENTENCE

In his first two issues, appellant contends the sentence is grossly disproportionate to the offense and inappropriate to the offender, in violation of the United States and Texas

Constitutions. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. Appellant asserts he denied the complainant's accusations during the punishment phase, and the sentence is too severe given the fact that it is more than twice the minimum number of years for the offense. The State responds that appellant failed to preserve his complaint for appellate review and alternatively, the trial court properly exercised its discretion in sentencing appellant in this case.

To preserve error for appellate review, the record must show appellant made a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1). Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived *Rhoades v. State* , 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Appellant made no objection when he was sentenced, and his motion for new trial did not address this complaint. Accordingly, he has not preserved the issue for appellate review. *See Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).

Moreover, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). The punishment range for the offense of continuous sexual abuse of a young child is imprisonment for life or for any term not more than ninety-nine years nor less than twenty-five years, and an optional fine up to $10,000. *See* TEX. PEN. CODE ANN. §§ 12.32, 21.02(h) (West 2011 & Supp. 2014). Appellant's sixty-year sentence is within the statutory range. We overrule appellant's first and second issues.

MODIFY JUDGMENT

In his third issue, appellant asks us to modify the trial court's judgment to show the trial court assessed the punishment instead of the jury. The State agrees the judgment should be

modified as appellant requests. The judgment incorrectly states the jury assessed punishment. We sustain appellant's second issue.

We modify the trial court's judgment to show that punishment was assessed by the court. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140495F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MELQUIADES HERNANDEZ,
Appellant

No. 05-14-00495-CR         V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 1 of Dallas County, Texas (Tr.Ct.No.
F13-55932-H).
Opinion delivered by Justice Myers,
Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Punishment Assessed by" is modified to show "Court."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 27th Day of April, 2015.