**Affirmed as Modified and Opinion Filed November 25, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00567-CR

### DEMARCUS ANTONIO TAYLOR, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F14-57392-S**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Whitehill
Opinion by Justice Whitehill

A jury convicted Demarcus Antonio Taylor of possession with intent to deliver cocaine in an amount of four grams or more but less than 200 grams in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), (d), 481.134(a) (West 2010 & Supp. 2015). The jury also found that appellant used or exhibited a firearm during the commission of the offense. The jury assessed punishment at thirty years' imprisonment and a $5,000 fine. In a single issue, appellant contends that the sentence is excessive and disproportionate for the offense. We modify the judgment and affirm the judgment as modified.

Appellant argues the thirty-year sentence is disproportionate and constitutes cruel and unusual punishment prohibited by the United State and Texas Constitutions. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. Appellant asserts that because he did not resist the police in any way and immediately surrendered, the thirty-year sentence is excessive. The State responded that appellant has failed to preserve this issue for appellate review and alternatively, the sentence is not grossly disproportionate to the crime.

To preserve error for appellate review, the record must show appellant made a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1). Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *Rhoades v. State* , 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Appellant did not object when he was sentenced, and his motion for new trial did not raise this complaint. Accordingly, he has not preserved the issue for appellate review. *See Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).

Moreover, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (sentence will not be disturbed on appeal if it is within its statutory range of punishment). The punishment range for the offense of possession with intent to deliver cocaine in an amount four grams or more but less than 200 grams in a drug-free zone, a first-degree felony offense, is imprisonment for life or for any term not more than ninety-nine years nor less than ten years, and an optional fine up to $20,000. *See* TEX. PENAL CODE ANN. § 12.32 (West 2011); TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(d), 481.134(c). Appellant's thirty-year sentence is well within the statutory range. We overrule appellant's issue.

We note the trial court's judgment erroneously omits the $5,000 fine. The jury assessed a $5,000 fine and trial court orally pronounced the fine when it sentenced appellant in accordance with the jury's verdict. When a variation between the oral pronouncement of the sentence and the written memorialization of the sentence exists, the oral pronouncement controls. *See Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998).

We also note the judgment states the statute for the offense is "481.134 Health and Safety Code," which defines drug-free zones. Appellant was convicted for possession with intent to deliver cocaine in a drug-free zone, pursuant to section 481.112 and 481.134 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), 481.134(a)(3).

Accordingly, we modify the judgment to include the $5,000 fine and modify the section entitled "statute for offense" to show "481.112, 481.134 Health and Safety Code." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

We affirm the trial court's judgment as it is modified.

Do Not Publish
TEX. R. APP. P. 47
150567F.U05

/Bill Whitehill/
_____
BILL WHITEHILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEMARCUS ANTONIO TAYLOR,
Appellant

No. 05-15-00567-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 282nd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F14-57392-S).
Opinion delivered by Justice Whitehill,
Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "481.112, 481.134 Health and Safety Code."

The section entitled "Fine" is modified to show "$5,000."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered November 25, 2015.