**MODIFY and AFFIRM; and Opinion Filed October 11, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-00326-CR
No. 05-16-00327-CR
No. 05-16-00328-CR
No. 05-16-00329-CR

**JARRICK RYAN CROWE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F15-34070-T, F15-34078-CR, F15-34079-T, F15-76048-T**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Fillmore, and Justice Brown
Opinion by Justice Brown

Jarrick Ryan Crowe waived a jury and pleaded guilty to four robbery offenses. *See* TEX.

PENAL CODE ANN. § 29.02(a) (West 2011). The trial court assessed punishment, enhanced by a

prior felony conviction, at twenty years' imprisonment in each case. In four issues, appellant

contends the trial court abused its discretion in sentencing him to imprisonment and appellant

asserts the judgments should be modified to accurately reflect the names of the prosecutor and

defense counsel and court costs. We modify the trial court's judgments and affirm as modified.

In his first issue, appellant contends the trial court abused its discretion in sentencing him

to imprisonment because such punishment violates the objectives of the penal code. Appellant

asserts the twenty-year sentences he received are merely punitive and do not meet the penal code

objective of rehabilitation, and he requests probation due to his drug and alcohol addictions and

his post-traumatic stress disorder. The State responds that appellant failed to preserve the issue for appellate review and, alternatively, that the sentences do indeed meet the objectives of the penal code.

To preserve error for appellate review, the record must show appellant made a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1). Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Appellant did not object when he was sentenced, nor did he raise this issue in motions for new trial. Accordingly, he has not preserved the issue for appellate review. *See Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).

Moreover, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (sentence will not be disturbed on appeal if it is within its statutory range of punishment). Robbery is a second-degree felony offense punishable by imprisonment for a term of two to twenty years and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.33, 29.02(b) (West 2011). However, appellant was sentenced as a habitual offender because of a prior felony conviction. Thus, the punishment range increased to imprisonment for five to ninety-nine years or life and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2015). Appellant's twenty-year sentences are within the statutory punishment range. We overrule appellant's first issue.

In his second and third issues, appellant asks us to modify the trial court's judgments to show the names of the prosecutors at the plea and sentencing hearings, and to accurately show the name of defense counsel. In his fourth issue, appellant asks us to modify the trial court's judgment in cause no. 05-16-00328-CR to accurately show the assessment of court costs. The State agrees that the judgments should be modified as appellant requests.

The record shows the State was represented by Dalerie Moore during the plea hearing and Trey Stock during the sentencing hearing, and defense counsel at both hearings was Stuart Parker. The trial court's judgments, however, recite the "attorney for State" as "Dalerie Moore" and the "attorney for defendant" as "S Parker." We sustain appellant's second and third issues. We modify the judgments to show the attorneys for the State were "Dalerie Moore and Trey Stock," and the attorney for the defendant was "Stuart Parker." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

The judgments in three of the cases shows court costs in the amount of $249. However, in cause no. 05-16-00328-CR, the judgment incorrectly recites the court costs as "$2479." Accordingly, we modify the trial court's judgment to show court costs are "$249." *Id.*

CONCLUSION

In cause nos. 05-16-00326-CR, 05-16-00327-CR, and 05-16-00329-CR, we modify the trial court's judgments to show Dalerie Moore and Trey Stock were attorneys for the State and that Stuart Parker was the attorney for the defendant.

In cause No. 05-16-00328-CR, we modify the trial court's judgment to show Dalerie Moore and Trey Stock were attorneys for the State, that Stuart Parker was the attorney for the defendant, and court costs are $249.

As modified, we affirm the trial court's judgment in each case.


/Ada Brown/
ADA BROWN
Do Not Publish                        JUSTICE
TEX. R. APP. P. 47

160326F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JARRICK RYAN CROWE, Appellant

No. 05-16-00326-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-34070-T.
Opinion delivered by Justice Brown. Chief Justice Wright and Justice Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Attorney for State" is modified to show "Dalerie Moore and Trey Stock."

The section entitled "Attorney for Defendant" is modified to show "Stuart Parker."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 11th day of October, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JARRICK RYAN CROWE, Appellant

No. 05-16-00327-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-34078-T.
Opinion delivered by Justice Brown. Chief Justice Wright and Justice Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Attorney for State" is modified to show "Dalerie Moore and Trey Stock."

The section entitled "Attorney for Defendant" is modified to show "Stuart Parker."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 11th day of October, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JARRICK RYAN CROWE, Appellant

No. 05-16-00328-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-34079-T.
Opinion delivered by Justice Brown. Chief Justice Wright and Justice Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Attorney for State" is modified to show "Dalerie Moore and Trey Stock."

The section entitled "Attorney for Defendant" is modified to show "Stuart Parker."

The section entitled "Court Costs" is modified to show "$249."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 11th day of October, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JARRICK RYAN CROWE, Appellant

No. 05-16-00329-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-76048-T.
Opinion delivered by Justice Brown. Chief Justice Wright and Justice Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Attorney for State" is modified to show "Dalerie Moore and Trey Stock."

The section entitled "Attorney for Defendant" is modified to show "Stuart Parker."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 11th day of October, 2016.