**AFFIRM AS MODIFIED; Opinion Filed May 10, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-20-00296-CR**
**No. 05-20-00297-CR**
**No. 05-20-00344-CR**

**DAMYION SELLERS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-34546-P, F18-34547-P, F18-34545-P**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Schenck

Dayion Sellers appeals his convictions for robbery, intoxication assault, and evading arrest. In his first three issues, he argues the sentences he received violated the objectives of the penal code. In his fourth issue, appellant urges the deadly-weapon finding in the intoxication assault case should not have been entered because it was not orally pronounced at sentencing. In his fifth issue, appellant requests modification of the judgments in the intoxication assault and the evading arrest cases to delete duplicative court costs. In a single cross-issue, the State requests the written judgment in the intoxication assault case be modified to reflect the correct article of

criminal procedure. We modify the judgments in the intoxication assault and evading arrest cases and affirm them as modified. We affirm the judgment in the robbery case in full. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Appellant was indicted for and entered "open" pleas of guilty to the offenses of robbery (trial court cause number F18-34546), intoxication assault (trial court cause number (trial court cause number F18-34547), and evading arrest (trial court cause number F18-34545). After appellant waived his right to trial by jury, the court heard testimony from appellant and his victims, which is reflected below.

The first witness for the State testified that she had left work on August 14, 2018, and was driving to pick up some food to take to home to her school-aged daughters home. Appellant, impaired by ingestion of several illegal drugs, stopped his car in front of her. He then got out of his car, approached her car, grabbed her, and proceeded to hit her in the face. He then choked and threatened to kill her, before pushing her to the ground. After beating and threatening to kill the first witness, appellant stole her vehicle and proceeded to crash into the second witness's car at 84 miles per hour, nearly killing her in the accident. Appellant then fled from police to avoid capture.

Both witnesses testified regarding the effects appellant's actions had on them. The first witness never got her car back because it was totaled in the accident and

suffered a concussion. She was personally responsible for over $5,000 in medical bills for treatment of the injuries appellant caused her. She testified that she had recurring nightmares for six months after the assault and that more than a year after the assault, she was still afraid to drive. The second witness also testified to continuing psychological trauma and serious physical injuries, including a broken dominant arm, a skull fracture, a concussion, severe whiplash and bruising and cuts. The second witness was hospitalized for five days and was forced to undergo surgeries to repair her hand and skull. She testified that eighteen months after the accident her hand did not function as it once did. For a few months after the accident, her thinking and memory was affected, and she could not work, requiring her family to care for her.

At the conclusion of the hearing, the trial judge sentenced appellant to confinement for nine months in state jail in the evading arrest case, ten years' imprisonment in the intoxication assault case, and sixteen years in the robbery case. The sentences are to run concurrently.

## DISCUSSION

**I.  Trial Court Did Not Abuse Its Discretion in Sentencing Appellant**

In his first three issues, he argues the trial court abused its discretion, arguing the sentences he received violated the objectives of the penal code. Appellant argues the trial court's sentences do not take into account appellant's relative youth, request

for drug treatment, or the penal code's objective of rehabilitating persons convicted of violations of criminal laws.

The State responds appellant did not preserve any of his first three issues by contemporaneous objection in the trial court. To preserve alleged error relating to excessive punishment, a defendant must make a timely request, objection, or motion to the trial court. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Appellant did not complain about his sentence either at the time that it was imposed or in a post-trial motion. *See Castaneda*, 135 S.W.3d at 723.

Notwithstanding appellant's failure to preserve error, however, his argument fails. As appellant admits, the sentences assessed in his cases were all within the applicable statutory ranges. Appellant was sentenced to sixteen years' imprisonment in the robbery case, well within the applicable range of two to twenty years' imprisonment. *See* TEX. PENAL CODE §§ 12.33(a), 29.02(b). Appellant was sentenced to nine years' imprisonment in the intoxication assault case, a third-degree felony with an applicable range of two to ten years' imprisonment. *See id.* §§ 12.34(a), 49.07(c). Appellant was sentenced to nine months' confinement in state jail in the evading arrest case, which is a state jail felony with an applicable range of six months to two years. *See id.* §§ 12.35(a), 38.04(b)(1).

When she sentenced appellant, the trial judge listed her understanding of appellant's criminal history and what she considered his numerous prior chances to

–4–

rehabilitate that he did not take. The trial judge further explained that she found it hard to believe appellant's statements that he needed and wanted drug treatment.

Based on appellant's criminal history and the nature of the offenses, we cannot conclude that appellant's sentences violated the objectives of the penal code. In addition, as a general rule, punishment that is assessed within the statutory range for an offense is not excessive or unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (stating it is "the general rule that as long as a sentence is within the proper range of punishment it will not be disturbed on appeal"). We resolve appellant's first three issues against him.

## II. Deadly-Weapon Finding

In his fourth issue, appellant urges the deadly-weapon finding in the intoxication assault case should not have been entered in the judgment because that finding was not orally pronounced at sentencing. Appellant argues there must be some indication in the record that the affirmative finding was made before it can be properly entered into the judgment and thus requests modification of the trial court's judgment.

In a bench trial, a trial judge need not include a deadly-weapon finding in the oral pronouncement of judgment; if the charging instrument alleged a deadly weapon, the finding may be included for the first time in a written judgment. *Guthrie-Nail v. State*, 506 S.W.3d 1, 4 (Tex. Crim. App. 2015).

This is precisely what the record in this case shows. The indictment in the intoxication assault case alleged appellant committed the offense with a deadly weapon and that appellant signed a judicial confession that admitted he "did use a deadly weapon" and "further judicially confess[ed] that I committed the offense with which I stand charged *exactly as alleged in the indictment in this case*." (emphasis added). The trial court found appellant guilty in accordance with his open plea and assessed the punishment. Although the court did not orally pronounce an affirmative deadly weapon finding when it sentenced appellant, the judgment shows the court made such a finding. Thus, the recitation of an affirmative deadly weapon finding for the first time in the written judgment is not erroneous, and we will not delete it as appellant requests. *See id.*; *see, e.g.*, *Titus v. State*, No. 05-19-00393-CR, 2020 WL 2988643, at *1 (Tex. App.—Dallas June 4, 2020, pet. ref'd) (mem. op., not designated for publication). We overrule appellant's fourth issue.

## III.  Modification of Judgment

In his fifth issue, appellant requests the trial court modify the judgments in the intoxication assault case and the evading arrest case to delete duplicative court costs.

We have the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

Where a trial court hears all cases against a defendant together in a single criminal action, the court is to assess each court cost or fee only once, in the judgment of the highest category offense for which the defendant is convicted. TEX. CODE. CRIM. PROC. art. 102.073(a), (b); *see, e.g.*, *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (concluding where trial court erroneously includes certain amounts as court costs in judgment, appeals court should modify judgment to delete erroneous amount).

The record reflects that the trial court assessed court costs of $390 in the robbery case, $540 in the intoxication assault case, and $290 in the evading arrest case. As discussed above, robbery is a second-degree felony, intoxication assault is a third-degree felony, and evading arrest with a previous conviction is a state jail felony. *See* PENAL CODE §§ 29.02(b), 49.07(c), 38.04(b)(1). We modify the judgment in the evading arrest case (trial court cause number F18-34545) to delete $290 in court costs that are duplicated in the robbery judgment (trial court cause number F18-34546). The intoxication assault judgment includes court costs of $122.50 that are not included in the robbery judgment, which are therefore not duplicative and should not be deleted. However, the judgment also reflects $367.50 in costs assessed in the intoxication assault judgment that are duplicative of the costs assessed in the robbery judgment, the higher category of offense. Therefore, we modify the judgment in the intoxication assault judgment (trial court cause number

F18-34547) to delete its imposition of $367.50 in court costs. We thus sustain appellant's fifth issue.

Finally, in a single cross-issue, the State requests the written judgment in trial court cause number F18-34547 be modified to reflect the correct article of criminal procedure, 42A054(c) and not article 42.12 section 3(g).

In *Wright v. State*, this Court recently modified written judgments to reflect the correct statutory basis to support deadly-weapon findings as article 42A.054(c) of the Texas Code of Criminal Procedure. Nos. 05-19-00112–114-CR, 2019 WL 6124737, at *2 (Tex. App.—Dallas Nov. 19, 2019, no pet.) (mem. op., not designated for publication). While article 42.12, section 3(g) previously codified the authority for deadly-weapon findings, article 42A.054(c) replaced that article, effective January 1, 2017. *See id*, 2019 WL 6124737, at *2. Accordingly, we modify page 2 of the judgment in cause number F18-34547 to reflect the statutory authority for the trial court's deadly-weapon finding as Texas Code of Criminal Procedure article 42A.054(c), instead of Texas Code of Criminal Procedure article 42.12 section 3(g).

## CONCLUSION

As modified, we affirm the trial court's judgments in trial court cause numbers F18-34547 and F18-34545.

We affirm the judgment in trial court cause number F18-34546.


/David J. Schenck
DAVID J. SCHENCK
JUSTICE


DO NOT PUBLISH
Tex. R. App. P. 47
200296F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAMYION SELLERS, Appellant

No. 05-20-00296-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F18-34546-P. Opinion delivered by Justice Schenck. Justices Reichek and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of May, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAMYION SELLERS, Appellant

No. 05-20-00297-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F18-34547-P. Opinion delivered by Justice Schenck. Justices Reichek and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

delete $367.50 in court costs; and

include on page 2 of judgment the statutory authority for the trial court's deadly-weapon finding as Texas Code of Criminal Procedure article 42A.054(c), instead of article 42.12 section 3G

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 10th day of May, 2021.

–11–



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

DAMYION SELLERS, Appellant

No. 05-20-00344-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F18-34545-P. Opinion delivered by Justice Schenck. Justices Reichek and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

delete $290 in court costs

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 10th day of May, 2021.